## J. C. WILSON V. THE STATE.

No. 9649. Delivered June 15, 1927.

Rehearing denied October 12, 1927.

#### 1.—Possessing Equipment, Etc.—Evidence—Held Sufficient.

Where appellant was found in actual possession of a still in operation and five gallons of whiskey in an outhouse adjacent to his residence, this evidence was sufficient to support the conviction for possessing equipment for the unlawful manufacture of intoxicating liquor.

##### ON REHEARING.

#### 2.—Same—Record Corrected—No Error Shown.

Where a record on appeal disclosed a variance between the indictment and the verdict, but on being corrected to conform with the record in the court below, such discrepancy is removed, no error is presented.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. C. A. Pippen, Judge.

Appeal from a conviction for possessing equipment for the unlawful manufacture of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Possessing equipment for the unlawful manufacture of intoxicating liquor is the offense, punishment fixed at confinement in the penitentiary for one year.

There are several counts in the indictment. The one upon which the conviction rests charged that the appellant possessed equipment consisting of a boiler, condenser, container, and burner for the purpose of manufacturing intoxicating liquor. The evidence goes to show that officers, possessed of a search warrant, searched the premises of the appellant, that is, the

place where he lived, including his house and outhouse; that in the barn they found a still, five gallons of whiskey and several barrels of mash.  The still had the appearance of having been operated for a long time.  It was in operation at the time of its discovery.  The appellant resided upon the place and was near the barn or outhouse in which the still was found at the time.  There were other persons upon the place.  One of them was a son-in-law of the appellant.  He defended upon the ground that the outhouse in which the still was found was rented to another person upon the premises; that the appellant was not connected with the offense.  This issue was submitted to the jury.  The other parties upon the premises were not indicted.

The court instructed the jury, submitting to them the offense of the unlawful manufacture of intoxicating liquor and the unlawful possession of equipment.  He also submitted the law of principal offenders, and gave a special charge at the request of the appellant.  So far as we are able to judge, the charge sufficiently informed the jury touching the law applicable to the facts which were developed from the offense charged.

There are a number of exceptions to the charge which we have examined but which are deemed unnecessary to discuss in detail, further than to say that it is not believed that any of them point to any fault in the charge which was harmful to the appellant or which would warrant a reversal of the judgment.

We find no brief for the appellant.  From our examination of the record, we are of the opinion that the judgment should be affirmed.  It is so ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The indictment found in the original transcript purported to contain three counts; the first charging the manufacture of intoxicating liquor, the second charging possession of such liquor for the purpose of sale, and the third charging possession of equipment for manufacturing such liquor. The verdict of the jury found appellant guilty as charged in the *fourth* count of the indictment and he was adjudged under this verdict to be guilty of the offense charged in the third count. Complaint is made of this irregularity in the motion for rehearing.  There is now on file in this court a supplemental transcript which shows that the indictment really contained four counts, the third one (which charged appellant with keeping a building used for the purpose of storing liquor) having been inadvertently omitted in copying the indictment in the original transcript.  The

corrected copy of the indictment shows the fourth count to charge the offense of which appellant was convicted and explains the apparent discrepancy in the record, as originally filed in this court.

Other questions raised in the motion for rehearing are not thought to present any question which calls for discussion.

The motion is overruled.

*Overruled.*